FEDERAL PUBLIC DEFENDER OFFICE
DISTRICT OF MASSACHUSETTS
51 SLEEPER STREET, 5TH FLOOR
BOSTON, MASSACHUSETTS 02210

TELEPHONE: 617-223-8061
FAX: 617-223-8080

April 12, 2019

Christine Wichers
Laura Kaplan
Assistant United States Attorneys
US Attorney's Office
Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Re:   *United States v. Franklin Freddy Meave Vazquez*
      Docket No.:  18-cr-10428-ADB

Dear Counsel,

I write to formally request the following information in discovery. As a preliminary matter, I have done my best, when possible, to refer you to a bates number that relates to the specific request.

1. To date, you have produced, by my count, a single FBI 302 (also known as FD 302). *See* Bates 926 regarding search of the Billy Haver. It is incomprehensible that an investigation into an alleged homicide would result in only a single 302 that falls under the Federal and Local rules pertaining to discovery. For example, you have not produced any 302s regarding the interrogation of Mr. Meave Vazquez or his alleged waiver  of his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966). No 302s have been produced regarding the collection of evidence, the chain of custody of the collected evidence, or the results of any forensic testing. There are also no FBI 302s regarding witness interviews. Counsel understands that the government is not technically obligated to produce *Jencks* materials until a date closer to trial; however, statements of witnesses could only be covered by *Jencks* if they concern actual government trial witnesses *and* if the materials were "adopted" by the witnesses or are "substantially verbatim recitals" of their statements." 18 U.S.C. §3500(e). It seems unlikely that this would apply to all witness statements in the Government's possession.

Moreover, production of legitimate *Jencks* material on the eve of trial will inevitably result in a request to continue the trial and result in a delay of the final adjudication of this matter. Accordingly, we request the production of all 302 reports concerning interviews of witnesses, collection of evidence, testing of evidence, results of such testing and any other reports related to this case. Without limiting this request a few examples where one would expect a report to be prepared include:  Bates 404 specifically references a "separate FD 302"; Bates 403 Agents Comcowich and Galietta did a preliminary survey of the Billy Haver; Bates 404 references the fact

that Mr. Meave Vazquez was detained while being transported back to shore; Bates 407 reflects that an Alternative Light Source was used during examination of certain items on the Billy Haver, Bates 408 reflects a presumptive hemastix test was done on a wall in Room H. Yet, there are no reports produced regarding any of these events. Please provide all FD 302s. This request includes a request for the notes of the agents involved in preparing the reports.

2.  Akin to Request Number 1, to date we have received only two Coast Guard Investigative Service Reports regarding the investigation into the alleged homicide on the Billy Haver. *See* Bates Numbers 1656-1658 and Bates Numbers 1659-1663. It is our understanding that the investigation was a joint investigation between the FBI and Coast Guard Investigative Services (CGIS). We request all reports prepared by CGIS in connection with their investigation in this case. As a basis for this request, we incorporate the reasons detailed in Request Number 1.

3.  Information required to be produced under Local Rule 116.2. In your discovery letter dated December 20, 2018 you identify certain individuals who provided the government with potentially exculpatory evidence. *See* Page 5 of Government's Discovery Letter dated December 20, 2018. In your letter you summarize the exculpatory evidence attributable to each witness. This does not meet your obligations under Local Rule 116.2. We request copies of all reports, grand jury testimony, and notes pertaining to the statements identified in paragraph G(1) of your letter. I note that you did provide us with a report regarding potentially exculpatory information provided by TS (Bates 1656 – 1658) as referenced in paragraph G(1)(f) of your discovery letter; however, you failed to produce similar reports or grand jury testimony for the exculpatory evidence outlined in paragraph G(1)(a-e) and (g).

4.  In your December 20, 2018 letter, you state that a crewmember was granted a deferral of action on removal by the Immigration and Customs Enforcement agency at the request of the FBI. Please provide all documents pertaining to the deferral including correspondence, e-mails or other documents in which the request for a deferral were discussed. Also, please provide documents from ICE pertaining to the deferral.

5.  The A-file for the crewmember referenced in Request Number 4.

6.  You produced documents from Globalstar (Bates 2236-2238). We are missing pages 2-4. Please provide those.

7. You produced documents regarding RH receiving medical treatment on the Mein Sheriff (Bates 1659). It references a DVD of X-Ray images. We did not receive a copy of the DVD. Please provide us with a copy.

8.  In addition, please provide us with all medical records for RH and JS for care/treatment received on the Mein Sheriff. Currently, you have not produced any such records. The existence of these records is documented in Bates 1659 and 1682.

9.  Bates 1777-1786 are blank. Please provide copies of these pages.

10.  Bates 1708-1709 reference an insurance adjuster. We also understand that certain crewmembers have received settlements. Please provide us with all statements of crewmembers

made in connection to insurance claims and all documents related to any settlements entered into by crewmembers.

11. The government seized Mr. Meave Vazquez' cellphone. If a search of the phone occurred, please provide a copy of the search warrant. If no search warrant was obtained please indicate that. Additionally, please provide us with any extraction report or other forensic report of this cellphone.

12. The government also seized several other cellphones – Bates 412, Items 20 & 23; Bates 865-870; 924; 925 – please provide all reports including extraction reports for these cellphones.

13. Bates 928-930 is a diagram reflecting where certain seized items were found. The diagram appears to be a seven page document for which only three pages were produced. Please produce the missing pages. The diagram is also missing an indication as to where items 22-28 were located on the diagram. Please produce the location where these items were found.

14. Bates 1262-1269 are photographs of the Billy Haver's rigging and antennae. The coversheet for the photographs is missing, and as a result, the identification of the photographer has not been produced. Please produce this information.

15. Bates 1285 contains radio distress calls. The calls do not contain date and time information. Please produce this information.

16. Bates 1333-1362 is a transcript of the Channel 16 emergency calls from Bates 1285. The transcript contains text of conversation that has not been produced in audio form. Therefore, Bates 1285 produced to us is not complete. Please produce the entirety of the audio associated with the distress calls.

17. All reports regarding investigation into Mr. Meave Vazquez' social media accounts including but not limited to Facebook, Instagram or other accounts.

18. You provided a copy of the recorded interrogation of Mr. Meave Vazquez. During this interrogation, he signs a Rosario waiver. Please provide a copy of the Rosario waiver.

19. Mr. Meave Vazquez was held at the Brookline Police Department from on or about September 23 – 26. Please provide any reports prepared by the Brookline Police Department or any other law enforcement agency regarding this time period.

20. Mr. Meave Vazquez was detained on the Billy Haver for a significant period of time before it arrived in Boston. Please produce any oral statements made by Mr. Meave Vazquez during this or any other period. Moreover, In Paragraph 1d of your December 20, 2018 discovery letter you summarize numerous statements allegedly made by Mr. Meave Vazquez, please provide us with all reports and hand written notes that pertain to these alleged statements.

21. Bates 396 reflects the Mein Schiff had telephone contact with the Billy Haver. Please provide us with a copy of the recording of this call. Bates 397 references additional calls by the Mein Schiff one of which was to the Fleet Captain Pagonis. Please provide a copy of the recording of this call.

22. Bates 924 references the collection of stained bedding. Please provide all documents pertaining to any forensic testing done on this item as well as all documents pertaining to the chain of custody of this item. If this item has not been tested please indicate that.

23. Bates 409 references the collection of a black hooded sweatshirt, Beanie hat, purple bandana, and a hammer. Please provide all documents pertaining to any forensic testing done on these items as well as all documents pertaining to the chain of custody of these items. If these items have not been tested please indicate that.

24. Bates 1092, 1099, and 1111 indicate that rubber boots, gray sweatpants, and a white t-shirt were collected. Bates 927 indicates these three items were brought to the FBI's ERT Facility to dry before testing. Please provide all documents pertaining to any forensic testing done on these items as well as all documents pertaining to the chain of custody of these items. If the items have not been tested please indicate that.

25. Bates 1143 – 1147 appear to be photographs of alleged narcotics. Please provide all documents pertaining to any forensic testing done on this item as well as all documents pertaining to the chain of custody of this item. If this item has not been tested please indicate that.

26. Bates 306 and 315 reference the collection of Cavity blood, urine, bile, and vitreous humor and that these items were submitted for toxicology. We have only received results for heart blood and femoral blood.  Please provide all toxicology and forensic testing done on these collected items. If these items have not been tested please indicate that.

27. Bates 306 indicates that postmortem X-Rays were done. These have not been produced. Please produce them.

28. Bates 404 reflects the FBI took spherical photographs. I do not believe these have been produced. Kindly produce these photographs.

29. Bates 408 reflects that a Presumptive Hemastix test was conducted. Please provide any reports pertaining to this testing and any other testing performed on items seized from the Billy Haver.

30. The Fishing Vessel Master James appears to have arrived at the Billy Haver before the Coast Guard or Mein Schiff. Please provide any reports regarding interviews of the crew of the Master James.

31. Bates 1656 – 1658 pertains to an interview of TS. In the interview TS talks about an individual who provided exculpatory evidence. This person's name is redacted. The initials are TD. Please provide any reports pertaining to any interviews or conversations between TD and law enforcement and please identify TD by his/her full name. Further, this report identifies two additional individuals with exculpatory evidence – EJ and DL. Please provide any reports pertaining to any interviews or conversations between EJ and/or DL and law enforcement and please identify these individuals by their full name. Finally, TS indicates that other crewmembers used drugs and that Mr. Meave Vazquez purchased drugs from a fellow crewmember. Please provide any reports or

statements that reflect that crewmembers of the Billy Haver were using drugs during the trip at issue or tested positive for drug use.

32. Bates 2236 – 2238 are records for a satellite phone used on the Billy Haver. This document is either illegible or redacted. Please provide a legible and unredacted copy of this document.

33. Bates 2244 contains audio recording of conversations between the Billy Haver and the Coast Guard. The audio indicates additional phone calls would occur every 30 minutes as the Coast Guard escorted the Billy Haver to Boston. The audio of these additional calls were not produced. Please produce the audio of these calls.

34. Any documents or reports regarding whether the EPIRB was activated on the date of the alleged homicide.

Mr. Meave Vazquez reserves the right to supplement these requests. Thank you and please feel free to call me if you have any questions.

Sincerely,
*/s/ Stylianus Sinnis*
Stylianus Sinnis
BBO #560148

CERTIFICATE OF SERVICE

I, Stylianus Sinnis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants(s) as identified on the Notice of Electronic Filing (NEF) on April 12, 2019.

*/s/ Stylianus Sinnis*
Stylianus Sinnis