UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
18-10428-ADB

UNITED STATES OF AMERICA

v.

FRANKLIN FREDDY MEAVE VAZQUEZ

## ORDER ON DEFENDANT'S COMPETENCY TO STAND TRIAL

March 11, 2020

DEIN, M.J.

The Court hereby finds, by a preponderance of the evidence, that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court makes this finding after a hearing held on March 11, 2020, at which time the parties submitted the report of the Forensic Mental Health Evaluation conducted by Dr. Miriam Kissin, Psy.D., a forensic psychologist affiliated with Fort Devens Medical Center. The report was transmitted to the court by cover letter dated February 14, 2020.[1] The defendant, individually and through counsel, waived his right to a further hearing, to cross-examine any witnesses, or to present additional evidence. The Court questioned the defendant and finds that the waiver was made voluntarily, after ample

---

[1] Although the report is dated January 17, 2019, that is clearly a typographical error. It should be dated January 17, 2020 as evidenced by the fact that the evaluation took place from September 19, 2019 through October 19, 2019.

opportunity to consult with counsel.    The Court bases the finding of incompetency on Dr. Kissin's report, the statements of counsel, and the Court's observation of the defendant's demeanor and statements at the hearing.

WHEREFORE, in accordance with 18 U.S.C. § 4241(d), the Court hereby commits the defendant to the custody of the Attorney General.    The Attorney General shall hospitalize the defendant for treatment in a suitable facility.    The hospitalization shall be:

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until -

   (a) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

   (b) the pending charges against him are disposed of according to law; whichever is earlier.

The Court requests that the treatment take place at the Federal Medical Center in Butner, North Carolina, which is closer to the defendant's family, if appropriate.

The Court further orders the Bureau of Prisons to provide a report, within sixty days of entry of this Order, regarding (1) whether a substantial probability exists that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward, and (2) if so, an approximation of the anticipated period required to enable the defendant to attain the capacity to permit the proceedings to go forward.    It is further ordered that the period of delay resulting from the hospitalization of the defendant for the purposes described above and any subsequent judicial proceedings to determine the defendant's competency shall be

excluded from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

### **RIGHT OF APPEAL**

The parties are hereby advised that, under the provisions of Federal Rule of Criminal Procedure 59, any party who objects to this order may file an objection with the Clerk of this Court within 14 days of the party's receipt of this Order.

                                               / s / Judith Gail Dein
                                               Judith Gail Dein
                                               United States Magistrate Judge