

**U.S. Department of Justice**

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 3, 2022

Stylianus Sinnis, Esq.
Wade Zolynski, Esq.
Office of the Federal Public Defender
51 Sleeper Street
Boston, MA 02210

    Re:    <u>United States v. Franklin Freddy Meave Vazquez</u>
            Criminal No. 18-10428-ADB

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Franklin Freddy Meave Vazquez ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

Defendant will plead guilty to counts one through three of the Indictment: Murder in the Second Degree, in violation of 18 U.S.C. § 1111; Attempted Murder, in violation of 18 U.S.C. § 1113; and Assault with a Dangerous Weapon, in violation of 18 U.S.C. § 113(a)(3). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties: for Murder in the Second Degree, incarceration for life, supervised release for five years, a fine of $250,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Indictment; for Attempted Murder, twenty years' incarceration, supervised release for three years, a fine of $250,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Indictment; Assault with a Dangerous Weapon, ten years' incarceration, supervised release for three years, a fine of $250,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 35:

a. For Count One, Defendant's base offense level is 38 (USSG § 2A1.2(a));

b. For Count Two, Defendant's base offense level is 27 (USSG § 2A2.1(a)(2)), which is increased by 2 because the victim sustained serious bodily injury (USSG § 2A2.1(b)(1)(B)), for a total of 29;

c. For Count Three, Defendant's base offense level is 14 (USSG § 2A2.2(a)), which is increased by 4 because Defendant otherwise used a dangerous weapon (USSG § 2A2.2(b)(2)(B)), and by 3 because the victim sustained bodily injury (USSG § 2A2.2(b)(3)(A)), for a total of 21;

d. The counts are not grouped because they concern different victims (USSG § 3D1.2). There is a total of 1 Unit (USSG § 3D1.4). The total combined level is 38;

e. Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant agrees with the above Guideline calculations but reserves the right to argue that the Court should depart and/or vary downward from the sentence range recommended by the Guidelines.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration within the Guidelines sentencing range as calculated by the parties;

    b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 60 months of supervised release;

    d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court; and

    e) forfeiture as set forth in Paragraph 6.

Defendant reserves the right to recommend a sentence of incarceration below the Guidelines sentencing range as calculated by the parties.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge any prison sentence of 235 months or less or any

court orders relating to forfeiture, fines, or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.  Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Laura J. Kaplan or Christine Wichers.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By: _____
Anne Paruti
Chief, Major Crimes Unit
Mark J. Grady
Deputy Chief, Major Crimes Unit

_____
Laura J. Kaplan
Christine Wichers
Assistant U.S. Attorneys

5

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Franklin Freddy Meave Vazquez
Defendant

Date: 2/10/22

We certify that Franklin Freddy Meave Vazquez has read this Agreement and that we have discussed what it means. We believe Franklin Freddy Meave Vazquez understands the Agreement and is entering into it freely, voluntarily, and knowingly. We also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Stylianus Sinnis, Esq.
Wade Zolynski, Esq.
Attorneys for Defendant

Date: 2/10/22